IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR DAVIS, | ) | CASE NO.: 1:26 CV 408 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| SYEETA ROBINSON-DEBERG, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |
| | ) | |

This matter is before the Court on Defendant, Syeeta Robinson-Deberg's Motion to

Dismiss. (ECF #8). Plaintiff, Arthur Davis filed an Opposition to the motion, and Defendant

filed a Reply in support of its motion. (ECF #12, 20). After careful consideration of the briefs

and a review of all relevant authority, the Court finds as follows.

## FACTUAL AND PROCEDURAL OVERVIEW[1]

Plaintiff filed a Complaint on February 18, 2026, alleging breach of contract, unjust

enrichment, and conversion. He states that he is seeking damages for unpaid labor and services,

loss of business income, loss of credit standing, loss of business opportunities, medical hardship,

emotional distress, and other continuing financial losses. The Complaint seeks damages in the

amount of approximately $1,250,000, exclusive of pre-judgment and post-judgment interest, or

---

[1]The facts as stated in this Memorandum and Order are taken from the Complaint and
 should not be construed as findings of this Court. In a motion to dismiss, the Court is
 obligated, for the purposes of that motion, to accept as true the facts set forth by the non-
 moving party, in this case, the Plaintiff.

costs. (ECF #1).

Defendant, Syeeta Robinson-Deberg, filed a Motion to Dismiss, arguing that Mr. Davis does not properly allege any claims that would support damages for emotional distress and medical hardship, and that his other alleged damages are overstated. Defendant further argues that Mr. Davis has, therefore, not established that his damages plausibly meet or exceed the $75,000 threshold for establishing diversity jurisdiction.[2] (ECF #8).

### STANDARD OF REVIEW

A. Failure to State a Claim

When addressing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (3rd Cir. 1990). A Complaint must simply provide fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Dismissal on a Rule 12(b)(6) motion is appropriate only if "the factual allegations contained in the complaint, accepted as true, do not show that the pleader is entitled to relief." *Hill v. Mr. Money Finance Co. & First Citizens Banc Corp.*, 309 Fed. Appx. 950, 955 (6th Cir. 2009).

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider

---

[2] The Motion to Dismiss also argued that the Plaintiffs claims were barred by *res judicata*. However, Defendant later admitted that *res judicata* does not apply. Plaintiff did file a Complaint in the Cuyahoga County Court of Common Pleas, Case No. CV25115242, which addressed the same claims. That case was dismissed without prejudice on December 17, 2025.

the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

B. Lack of Subject Matter Jurisdiction

On a motion brought under Fed. R. Civ. P. 12(b)(1), asserting a lack of subject matter jurisdiction, this Court's inquiry is not necessarily limited to the content of the complaint. If the motion raises a factual challenge to the Court's subject matter jurisdiction, the Court is "not to presume that the factual allegations asserted in the Complaint are true." *Ohio Nat'l Life Ins. Co. v. Unites States,* 922 F.2d 320, 325 (6th Cir. 1990). Rather the Court may consider "affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts," and "will weigh the conflicting evidence to determine whether proper jurisdiction exists." *Busacca v. Excavating Bldg. Material & Const. Drivers Union Local 436 Welfare Fund Bd. Of Trs.*, 953

F.Supp. 867, 870-71 (N.D. Ohio 1996).  However, where Defendant's challenge is to the legal sufficiency of the allegations in the complaint, rather than to the veracity of the factual allegations, this Court is required to, "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).

## ANALYSIS

### A. Failure to State a Claim

Defendant has not challenged the Complaint's sufficient assertion of Plaintiff's claims for breach of contract, unjust enrichment, or conversion.  Rather, the motion challenges Plaintiff's request for damages for emotional distress and medical hardship.  The Defendant argues that there are no claims in the Complaint that can legally support damages for emotional distress or medical hardship.  Plaintiff does not dispute this argument.  Defendant is correct that none of the stated claims in the Complaint support damages for emotional distress or medical hardship.  Plaintiffs damages, if proven, would, therefore, be limited to the value of the contract, the value of the unjust enrichment to the Defendant, and/or the value of the equipment converted, plus any verifiable economic damages directly attributable to those claims as permitted by the contract or by law.

### B. Subject Matter Jurisdiction

Federal courts have limited jurisdiction and may only exercise that power prescribed to them by the Constitution or the United States Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Federal jurisdiction in this case is claimed pursuant to 28 U.S.C. § 1332, which states as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the

-4-

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Courts strictly construe the removal statutes and all doubts are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N. D. Ohio 1990).

There is no dispute that the parties are citizens of different States, thereby satisfying the diversity requirement. The parties do dispute whether the amount in controversy is met by the damages plausibly asserted in the Complaint. Although Plaintiff asserts that damages exceed the requisite $75,000 threshold, neither the Complaint, nor the Opposition to the Motion to Dismiss provides any information on the value of the alleged contract, the value of the alleged unjust enrichment to the Defendant, or the value of the allegedly converted property.[3] Further, it does not

---

[3] In the state court filings for the related Cuyahoga County case, Plaintiff indicated that he believed that contract and/or unjust enrichment claims were worth approximately $53,000+, and that the converted property was valued at approximately $1000. He also indicated that the converted property was accruing fees at a rate of $100/day, which if recoverable would bring the total loss to over $75,000. *Davis v. Syeeta Robinson D Berg*, Case No. CV-25-115242, Cuyahoga County Court of Common Pleas.

separately value the damages sought for emotional distress and medical damages, which, for the reasons stated above, cannot be considered when assessing the jurisdictional amount. The Defendant's Motion to Dismiss argues that the contract value was only $25,000, and asserts that the total loss could not meet the $75,000 requirement for federal jurisdiction.

When the jurisdictional amount is challenged, the Court may consider "affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts," and "will weigh the conflicting evidence to determine whether proper jurisdiction exists." *Busacca v. Excavating Bldg. Material & Const. Drivers Union Local 436 Welfare Fund Bd. Of Trs.*, 953 F.Supp. 867, 870-71 (N.D. Ohio 1996). The Court currently does not have sufficient evidence before it to resolve this jurisdictional issue. Therefore, the parties are directed to submit affidavits and any documentation they may currently have relating to damages, including but not limited to the contract (if a written contract exists), the value of services provided (if any), the value of the property allegedly converted, and the basis for any additional economic damages allegedly incurred. Damages relating to alleged emotional distress, medical hardship, and reputational damages should not be included. Both parties may submit relevant information no later than June 25th, 2026.

IT IS SO ORDERED.

Donald C. Nugent
United States District Judge

Date: June 12, 2026

-6-